a jury might find, upon the facts of a case, that it was the duty of a railroad company to fence its tracks to guard against such danger."

It was certainly within the province of the jury to find in the case at bar that it was the duty of the defendant, either by fencing its track or in some other way, to guard against the constant danger created by the presence of cattle upon its track. The case was submitted to the jury in a proper charge, which left to them the determination of the defendant's negligence under all the facts, including the running of a train backwards without adequate precautions over an unguarded road, where it should have been known that trespassing cattle were likely to be encountered, and none of the points presented on the appeal demands a reversal of the result. The verdict, it is true, is quite large, but in view of the absolutely helpless condition of the plaintiff, and the years of life which probably remain to him, it cannot be regarded as excessive.

The judgment and order should be affirmed.

Judgment and order unanimously affirmed, with costs. All concur.

(89 App. Div. 269.)

PRITCHARD v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1 APPEAL FROM NONSUIT—FAVORABLE INFERENCES.
    On appealing from a nonsuit, plaintiff is entitled to the most favorable inferences deducible from the evidence, and all disputed facts are to be treated as established in his favor.

2. STREET RAILROADS—VEHICLE ON TRACK—NEGLIGENCE—QUESTION FOR JURY.
    Plaintiff was driving along a car track, and a car came up behind him, signaling for him to get out of the way. A wagon was standing on the outside of the track, and he turned inwards across the parallel track, and, as he did so, discovered a car approaching from the opposite direction a half a block away, which struck him before he could turn back. Held, that the question of defendant's negligence should have been submitted to the jury.

3. SAME—CONTRIBUTORY NEGLIGENCE.
    The fact that plaintiff endeavored to get from in front of the first car, instead of continuing as he was, did not render him guilty of contributory negligence as a matter of law, but the question was for the jury.

Appeal from Trial Term, Kings County.

Action by Thomas P. Pritchard against the Brooklyn Heights Railroad Company. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Grant C. Fox, for appellant.
I. R. Oeland, for respondent.

WOODWARD, J. This is the ordinary action for damages resulting from a collision between the plaintiff's horse and wagon and

¶ 1. See Appeal and Error, vol. 3, Cent. Dig. § 3748.

a car of the defendant. The learned court granted a motion for a non-suit, and upon this appeal the plaintiff is entitled to the most favorable inferences deducible from the evidence, and all disputed facts are to be treated as established in his favor. Place v. N. Y. C. & H. R. R. R. Co., 167 N. Y. 345, 347, 60 N. E. 632, and authorities there cited. The plaintiff testified that he was driving south along the car tracks in Washington avenue; that he was on the right-hand track, and that a car was coming up behind him, pounding the bell for him to get out of the way; that just at that point there was a wagon standing on the right-hand side of the track, so that he could not get off in that direction; that he then turned his horse in the direction of the defendant's left-hand track, and that, as he did so, he discovered one of the defendant's cars coming in the opposite direction at a fair rate of speed, which struck him; that he tried to turn his horse back out of the way of the approaching car, but that he was unable to do so; that he saw the car which hit his horse when it was half a block away; and that the accident occurred at about the center of the point where Washington avenue, Grand avenue, and Park Place intersect in the borough of Brooklyn. This version of the accident seems to be supported by the plaintiff's witnesses generally, and the learned court below nonsuited the plaintiff.

We are clearly of the opinion that this case should have been submitted to the jury. The inferences to be drawn from the facts were not so clearly against the theory of the defendant's negligence, or the lack of contributory negligence on the part of the plaintiff, that it could be said as a matter of law that there was no negligence on the part of the defendant, or that the plaintiff was guilty of contributory negligence. If the plaintiff could see the defendant's car half a block away, no reason is suggested why the defendant's motorman might not have seen the plaintiff's horse and wagon an equal distance, as well as have discovered his predicament. It was clearly the duty of the plaintiff, on the approach of the car from the rear, to get out of the way if he could; he was being urged by the clanging of the bell to make room for the car, and the obstructed highway at the right-hand side made it impossible for him to turn in that direction. If, under the circumstances, he turned in the opposite direction, with the car of the defendant half a block away and approaching a point where three streets intersect, it can hardly be said as a matter of law that he failed to use the degree of care which a reasonably prudent man under the same circumstances would or should have used. The plaintiff, upon his theory of the case, was in a pocket; he was being urged from the rear, and the fact that he may not have used the highest degree of prudence under such circumstances is not strange. He appears to have used his best endeavors to get out of the way of the car in the rear, and in doing so got into the path of the approaching car, the motorman of which, so far as appears, was in a position, if he used his eyes, to see and appreciate the plaintiff's position. If this was true, the duty devolved upon the defendant to stop its car and give the plaintiff an opportunity to get out of his position. While it may be that the defendant had a paramount right to the tracks, as related to the plaintiff, a paramount right is not a license

to run cars in disregard of the rights of those who are lawfully using the highways, and who are making an effort to discharge their duty by getting out of the way of approaching cars. It is probably true that the plaintiff had a right, under the circumstances described, to keep on the tracks of the defendant in front of the car until he had reached a point where he could turn out in safety, but the mere fact that he did not do so, but undertook, under the urgent demand of the defendant's motorman in the rear, to clear the track, is not, as a matter of law, negligence on his part. There were different inferences which might be legitimately drawn from the conceded facts, and these were for the jury rather than the court to decide.

The judgment appealed from should be reversed, with costs, and a new trial granted. All concur.